[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE NOVEMBER 20, 1998 DATE OF APPLICATION DECEMBER 4, 1998 DATE APPLICATION FILED DECEMBER 10, 1998 DATE OF DECISION JUNE 27, 2000
Application for Review of Sentence imposed by the Superior Court, Judicial District of Ansonia/Milford at Milford.
John Kelly, Esq., Counsel for Petitioner.
Mark Hurley, Esq., Counsel for State, Assistant State's Attorney.
 BY THE DIVISION
CT Page 9956
The record reveals that on February 6, 1998, at approximately 10:56 p.m., the petitioner was operating a jeep on a parkway exit ramp to Route 15 North. The petitioner was operating his motor vehicle at twice the speed limit of 25 MPH and was under the influence of alcohol and/or drugs at the time of the operation. The victim was stopped on the subject ramp to render assistance to others. The petitioner struck victim and as a result of the accident the victim's leg was amputated.
To the charge of Assault Second Degree with a Motor Vehicle, the court imposed a sentence of 5 years to serve, execution suspended after 3 years and 4 months incarceration to be followed by 5 years of probation.
Counsel for the Petitioner stressed that the petitioner is 48 years of age and has no prior record. Counsel indicated that the petitioner was himself a good samaritan for most of his life and on the night in question the petitioner was on his way home from work.
Counsel for Petitioner indicated that it was counsel's experience that in comparison with other similar cases the perpetrators received a lesser sentence of 2 1/2 years to serve.
Counsel for the State indicated when the petitioner entered his plea the agreement was for a 5 year "cap" with a right to argue for less. Counsel indicated the sentence imposed was a one-third reduction from the maximum sentence the petitioner had agreed to.
Counsel for the state focused the rest of his comments on the plight of the victim. Counsel indicated the victim was 27 years of age and was assisting another with a disabled vehicle at the time of the accident. Counsel indicated that the victim was an aspiring hockey referee, that the victim incurred some $300,000 in medical costs and will lose I million dollars of earnings over his life time due to the injury.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and te deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended." CT Page 9957
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq, and Connecticut General Statute § 51-194 et seq.
In reviewing the record as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Miano, J., Klaczak, J. and Norko, J. participated in this decision.